HERMAN E. KRAUS *vs.* WHITCOMB & KAVANAUGH
COMPANY.

Suffolk.     November 30, 1921. — March 3, 1922.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Evidence,* Relevancy and materiality. *Witness,* Cross-examination. *Practice, Civil,* Exceptions, Misunderstanding by counsel. *Novation. Corporation,* Officers and agents.

At the trial of an action of contract for furnishing plumbing to the defendant, a corporation which was the main contractor in the construction of certain buildings, it was not controverted that the plaintiff fully performed his contract, the defence relied on being that a novation had been entered into by the plaintiff, the defendant and the owner of the buildings. Testimony of the defendant's treasurer tended to show a novation in March of a certain year. It appeared that the shares of the capital stock of the defendant were owned by three persons, one of whom was its treasurer, and that over a year after the alleged novation agreement was made and after the plaintiff had performed his contract, the treasurer bought the shares owned by one of the other two stockholders. Subject to an exception by the defendant, the plaintiff's counsel was permitted to ask of the defendant's treasurer in cross-examination questions eliciting the information that he and the other stockholder, in arriving at a price to be paid for the shares, "took our liability — assets and liabilities, and divided them" and that they included among the liabilities the plaintiff's claim. *Held,* that the evidence was admissible as tending to contradict the testimony of the defendant's treasurer as to a novation.

Upon the hearing of exceptions saved by a defendant at a trial, the defendant has no right to complain of the results of a misapprehension on his part or on the part of his counsel of the significance of testimony of the plaintiff, where it does not appear that the plaintiff was responsible for the misapprehension or that he intended to mislead the defendant.

At the trial of the action above described, the defendant introduced evidence tending to show that a certain sum of money was owed to the defendant by the owner, and that the plaintiff's claim was not included therein. The judge charged the jury: "Now, it being important to determine whether after this [novation] arrangement that was made . . . [the defendant] was still retained as a contracting party or whether they were let out of it entirely, you may consider the fact that the . . . [defendant] claims to be entitled to a balance . . . from . . . [the owner]. In other words, if they [defendant] were let out by all the subcontractors, as . . . [the treasurer] says, if they were let out from any liability to the subcontractors and from that time on were merely the agents to pass these requisitions and checks back and forth, then you may consider whether it may be consistent with such arrangement or naturally consistent with such arrangement that they should have an interest in that contract by which they were to get . . . a balance due from" the owners.

*Held,* that the effect of the charge was that the jury "could consider whether the defendant's conduct was consistent with a novation;" also that the defendant was not prejudiced by the instruction.

CONTRACT, with a declaration upon an account annexed stating a balance of $1,301.35 and interest alleged to be due to the plaintiff for "furnishing labor and materials for plumbing three houses on Chestnut Street." Writ dated September 19, 1919.

In the Superior Court, the action was tried before *Hammond,* J. Material evidence, portions of the charge to the jury objected to by the defendant and exceptions saved by the defendant are described in the opinion. The jury found for the plaintiff in the sum of $1,576.61; and the defendant alleged exceptions.

*F. J. Carney,* (*S. P. Sears* with him,) for the defendant.

*James J. McCarthy,* for the plaintiff.

CARROLL, J. The plaintiff in January, 1917, made a contract with the defendant to perform certain plumbing and heating work on buildings under construction by the defendant as a general contractor, for the trustees of the Beacon Hill Associates, hereafter called the owners. The plaintiff seeks to recover the sum of $1,301.35 with interest, being the balance due for labor performed and furnished. It was not controverted that the plaintiff had fully performed his contract, the defence being that a novation was entered into by the plaintiff, the defendant and the owners. The jury found for the plaintiff.

The exceptions relate to the admission of certain evidence and to a portion of the judge's charge. There was evidence tending to show that the plaintiff and Kavanaugh, the defendant's treasurer, in March, 1917, before any of the work was done by the plaintiff, agreed to substitute the owners as debtors to the plaintiff in place of the defendant. In performance of this contract, the plaintiff proceeded with the work and received payments from the owners for part of the work, and in December, 1917, a note for $531.40, payable to him. The owners also gave to a firm who had furnished materials for the plaintiff a note for $720. The two notes equalled the balance due the plaintiff. Neither of these notes was paid.

It appears that the shares of the capital stock of the defendant were owned by three persons; and that on or about April 1, 1918, Kavanaugh, the treasurer of the corporation, bought from

Whitcomb his shares for $3,500 or $3,750. On cross-examination Kavanaugh was asked in what way he arrived at the price he was willing to pay for Whitcomb's stock, and answered, "We took our liability — assets and liabilities, and divided them." He was then asked if Kraus's claim was considered in the liabilities and he replied that it was. To this evidence that the plaintiff's claim was considered among the liabilities of the defendant when Kavanaugh made the purchase, the defendant excepted. We think the evidence was admissible. The plaintiff had completed his contract before July, 1917. The sale of Whitcomb's stock was in April, 1918; and if at that time Kavanaugh, who was the treasurer of the defendant corporation, and the principal witness upon whom the defendant relied to establish the novation, considered the plaintiff's claim as a liability of the defendant corporation, this circumstance was admissible in evidence at least as tending to contradict his testimony.

The defendant, in the redirect examination of Kavanaugh, sought to show that the debt of $7,500 due the defendant from the owners, did not include the plaintiff's claim. The trial judge instructed the jury on this branch of the case: "Now, on the other side, there is to be considered this other circumstance. It does appear that about $7,500 is due from Hale and Oveson to the Whitcomb and Kavanaugh Company on account of this contract. Now, it being important to determine whether after this arrangement that was made there about the 1st of March the Whitcomb and Kavanaugh Company was still retained as a contracting party or whether they were let out of it entirely, you may consider the fact that the Whitcomb and Kavanaugh Company claims to be entitled to a balance of $7,500 from Hale and Oveson. In other words, if they [defendants] were let out by all the subcontractors, as Mr. Kavanaugh says, if they were let out from any liability to the subcontractors and from that time on were merely the agents to pass these requisitions and checks back and forth, then you may consider whether it may be consistent with such arrangement or naturally consistent with such arrangement that they should have an interest in that contract by which they were to get $7,500 as a balance due from Hale and Oveson." To this instruction the defendant excepted. The defendant contends that by this instruction the jury were told

to take into consideration issues not involved in the case, and that because of the admission of the plaintiff that his claim was not a part of the $7,500 due the defendant from the owners, the defendant was prejudiced by the instructions given.

As we interpret the record, the defendant was mistaken in supposing that the plaintiff admitted that his claim was not involved in the $7,500 claimed by the defendant from the owners. While this matter was under discussion between counsel, the trial judge asked if the plaintiff desired by his question to learn whether the $7,500 was due for work done on the Chestnut Street houses, or for work done on some other contract; the plaintiff answered in the affirmative; whereupon the defendant's counsel said that the plaintiff was claiming that the $7,500 included not only what was due to Whitcomb and Kavanaugh Company for their personal part of the job, but also included "these other things." To this the plaintiff's counsel said, "No;" and when the plaintiff was asked by the defendant if that was his claim, he replied, "I do not know about that." Upon this answer being given, the defendant ceased to examine the witness further and now contends that by this admission he was misled and prevented from showing that the plaintiff's claim was not included in the $7,500. The defendant may have understood that the plaintiff was not making the claim that any part of his indebtedness was included in the balance due the defendant from the owners, but the plaintiff was not responsible for this misunderstanding, and we think did not intend to mislead the defendant and did not admit that the defendant's assumption was correct. When asked if this claim was made, the plaintiff did not agree that it would not be made: he simply said he did not know. The defendant evidently misapprehended the answer and, acting on this misapprehension, dropped the inquiry; but the plaintiff was not responsible for this and the defendant cannot complain that he was misled by the plaintiff.

Nor was the defendant prejudiced by the instruction given to the jury on this branch of the case. The effect of that instruction was that they could consider whether the defendant's conduct was consistent with a novation. There was no error of law in this instruction and the jury properly could take into consideration the question of the indebtedness from the owners as bearing

on the degree of credibility to be given to the defendant's claim that a novation was established. We find no ground for the contention that the defendant was prejudiced by this part of the charge, or that this part of the charge was immaterial because of any admission of the plaintiff.

*Exceptions overruled.*